# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PHILIP CARLISLE ALLEYNE, | ) | NO. ED CV 14-1434-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**PROCEEDINGS**

Plaintiff filed a Complaint on July 16, 2014, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on August 21, 2014.

Plaintiff filed a motion for summary judgment on December 18, 2014. Defendant filed a motion for summary judgment on March 5, 2015. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed July 29, 2014.

///

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserts disability since August 14, 2010, based primarily on alleged left foot and leg problems, diabetes, and hip pain (Administrative Record ("A.R.") 132-33, 157). The Administrative Law Judge ("ALJ") examined the record and heard testimony from Plaintiff and a vocational expert (A.R. 16-24, 28-53, 202-42). The ALJ found Plaintiff has severe "paralysis of the left leg below the knee[,] left foot drop[,] diabetes[,] and obesity," but retains the residual functional capacity to perform a limited range of sedentary work (A.R. 18-22).[1] The ALJ expressly considered Plaintiff's "weight, including the impact on his ability to ambulate, as well as his other body systems . . ." (A.R. 18).

The ALJ found that Plaintiff's condition does not meet or equal a listed impairment, explaining:

///

---

[1] Specifically, the ALJ found that Plaintiff could:

lift 30 pounds occasionally and 10 pounds frequently and carry 10 pounds occasionally; stand and/or walk for two hours out of an eight hour workday with a use of a brace on his left lower extremity; sit for six hours out of an eight hour workday with normal breaks; occasionally balance, stoop, kneel, crouch, and crawl; and occasionally climb stairs. [Plaintiff] is precluded from walking on uneven surfaces; pushing and/or pulling with the left lower extremity; climbing ladders, ropes, and scaffolds; and working on uneven ground.

(A.R. 19, 21 (giving "great weight" to the opinions of the treating physician, the consultative examiner, and the state agency physicians at A.R. 57-78, 169, 208-12, 216)).

2

> The evidence does not support that the claimant has the severity of symptoms required either singly or in combination to meet or equal the conditions found under the medical Listings, specifically, medical Listing 1.02. No treating or examining physician has recorded findings equivalent in severity to the criteria of any listed impairment, nor does the evidence show medical findings that are the same or equivalent to those of any listed impairment of the Listing of Impairments. A more detailed discussion to support this finding follows.

(A.R. 19). The ALJ went on to summarize the medical record, including the treating physician's opinion, the consultative examiner's opinion (which expressly considered Plaintiff's obesity), and the x-ray findings, including an x-ray of Plaintiff's left ankle (A.R. 20-22).

In accordance with the testimony of the vocational expert, the ALJ found that a person with Plaintiff's residual capacity could perform jobs existing in significant numbers (A.R. 22-23; see A.R. 50-51 (vocational expert testimony)). The Appeals Council denied review (A.R. 1-3).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v.

1 Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue,
2 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner,
3 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "such
4 relevant evidence as a reasonable mind might accept as adequate to
5 support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401
6 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454
7 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may
> not substitute its judgment for that of the ALJ.  But the
> Commissioner's decision cannot be affirmed simply by
> isolating a specific quantum of supporting evidence.
> Rather, a court must consider the record as a whole,
> weighing both evidence that supports and evidence that
> detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied.  The Administration's findings are supported by substantial evidence and are free from

///
///
///
///

4

material[2] legal error.  Plaintiff's contrary arguments are unavailing.

### I.    Substantial Evidence Supports the Conclusion Plaintiff Can Work.

The Administrative Record contains relevant medical and non-medical evidence that "a reasonable mind might accept as adequate to support [the] conclusion" that Plaintiff is not disabled from all employment.  Thus, substantial evidence supports the ALJ's decision.

All of the medical opinion evidence supports the conclusion that Plaintiff is not disabled.  The ALJ properly relied on consultative examiner Dr. Robin Alleyne's opinion that Plaintiff is capable of performing sedentary work (A.R. 20-21 (citing A.R. 208-12); see also A.R. 169 ("clarification" regarding Dr. Alleyne's medical source statement)).  See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (consultative examiner's opinion based on independent examination of the claimant constitutes substantial evidence).  The concurring opinions of the non-examining state agency physicians also lend support to the ALJ's findings (A.R. 21 (citing A.R. 54-64, 66-76)).  See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (where the opinions of non-examining physicians do not contradict "all other evidence in the record" an ALJ properly may rely on these opinions); Curry v. Sullivan, 925 F.2d 1127, 1130 n.2 (9th Cir. 1990) (same).  An ALJ may not rely solely on the opinions of non-examining

---

[2] The harmless error rule applies to the review of administrative decisions regarding disability.  See Garcia v. Commissioner, 768 F.3d 925, 932-33 (9th Cir. 2014); McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

physicians. See, e.g., Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1995); Erickson v. Shalala, 9 F.3d 813, 818 n.7 (9th Cir. 1993). Reliance was not sole in the present case. The ALJ also gave "great weight" to the opinion of Plaintiff's treating physician, Dr. Philip Lee (A.R. 21). Dr. Lee bluntly stated that Plaintiff is "not qualified for disability," and "can find a job that does not require too much walking or ambulation" (A.R. 216).

Plaintiff himself evidently believed he could work after his alleged disability onset date, for Plaintiff admitted he had continued to seek employment after that date (A.R. 41-43). Plaintiff's admission further supports the conclusion Plaintiff can work. See Bray v. Commissioner, 554 F.3d 1219, 1227 (9th Cir. 2009) (fact that a claimant has sought employment weighs against a finding of disability); Copeland v. Bowen, 861 F.2d 536, 542 (9th Cir. 1988) (claimant's job search efforts discredited his allegations of disability); see also Ghanim v. Colvin, 763 F.3d 1154, 1165 (9th Cir. 2014) ("continued receipt" of unemployment benefits can cast doubt on a claimant's disability); but see Webb v. Barnhart, 433 F.3d 683, 688 (9th Cir. 2005) ("That Webb sought unemployment suggests no more than that he was doing his upmost, in spite of his health, to support himself").

The vocational expert testified that a person with the residual functional capacity the ALJ found to exist could perform sedentary work as a front office medical assistant, customer service representative, and information clerk (A.R. 50-51). The vocational expert's testimony furnishes substantial evidence there exist

significant numbers of jobs Plaintiff can perform.  See Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988); see also Barker v. Secretary, 882 F.2d 1474, 1478-80 (9th Cir. 1989); Martinez v. Heckler, 807 F.2d 771, 775 (9th Cir. 1986); see generally Johnson v. Shalala, 60 F.3d 1428, 1435-36 (9th Cir. 1995) (ALJ properly may rely on vocational expert to identify jobs claimant can perform); 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. §§ 404.1520, 416.920.

**II.  The ALJ Did Not Materially Err in Evaluating "The Listings."**

Plaintiff argues the ALJ erred in failing to find that Plaintiff's impairments met or equaled Listing 1.02A of Appendix 1 to Subpart P of Part 404 of 20 C.F.R. (Plaintiff's Motion at 2-8).  No material error occurred.

Plaintiff had the burden of demonstrating disability under the Listings.  Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996); see Sullivan v. Zebley, 493 U.S. 521, 530-31 (1990), superseded by statute on other grounds as stated in Kennedy v. Colvin, 738 F.3d 1172, 1174 (9th Cir. 2013) (burden is on the claimant to show that his or her impairment meets all of the specified medical criteria for a Listing, or present medical findings equal in severity to all the criteria for the most similar listed impairment).  Plaintiff failed to carry this burden.

Substantial evidence supports the conclusion Plaintiff does not meet or equal Listing 1.02A.  Under Listing 1.02A, a claimant must demonstrate: (1) major dysfunction of a peripheral weight-bearing

joint (i.e., hip, knee, or ankle) characterized by gross anatomical deformity with chronic joint pain and stiffness, with signs of limitation of motion or other abnormal motion of the affected joint; (2) "findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s)"; and (3) an "inability to ambulate effectively, as defined in 1.00B2b." 20 C.F.R. Part 404, Subpt. P, Appendix 1, § 1.02A (emphasis added). Section 1.00B2b defines "inability to ambulate effectively" as an "extreme limitation of the ability to walk," and provides examples including "the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, . . . the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail." 20 C.F.R. Part 404, Subpt. P, Appendix 1, § 1.00B2b.

The medical evidence demonstrates that Plaintiff does not meet or equal Listing 1.02A. Plaintiff provided no medical imaging reflecting the findings specified in Listing 1.02A. An x-ray of Plaintiff's left ankle showed mild soft tissue swelling but no definite fracture or arthritic change (A.R. 241). Plaintiff's joint spaces were "well preserved," there were no fractures or dislocations, no joint effusion, no osteophytes, and no erosions (id.). Plaintiff's treating physician, Dr. Lee, reported that Plaintiff "does walk fine, but if he walks a lot he gets pain in the left leg" (A.R. 216 (also stating that Plaintiff "can find a job that does not require too much walking or ambulation")). Although Plaintiff purportedly could not move his left

ankle during examination by Dr. Alleyne, that doctor nevertheless concluded that Plaintiff can walk two hours in an eight-hour day (A.R. 169, 211-12). Dr. Alleyne further observed that Plaintiff "does not require the use of assistive devices for ambulation" (A.R. 210).[3]

Plaintiff's own testimony also suggests he does not meet or equal Listing 1.02A. Plaintiff testified that he can stand 20 to 30 minutes at one time before having problems, can walk "less than a quarter mile" without having problems, walks up and down stairs (albeit with difficulty),[4] tries to avoid uneven surfaces because an experience walking in sand once overworked his right side, and has never been prescribed any sort of assistive device for ambulation other than his leg brace (A.R. 33-34).

Plaintiff argues that the ALJ failed to provide a "proper explanation" for the conclusion that Plaintiff did not meet or equal Listing 1.02A (Plaintiff's Motion, pp. 6-8). However, the seminal Ninth Circuit case on which Plaintiff relies, Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990), "simply requires an ALJ to discuss and evaluate the evidence that supports his or her [listings] conclusion; it does not specify that the ALJ must do so under the heading 'Findings.'" Kennedy v. Colvin, 738 F.3d at 1178 (quoting Lewis v. Apfel, 236 F.3d 503, 513 (9th Cir. 2001)). "Moreover, '[a]n ALJ is

---

[3] Dr. Alleyne did indicate, however, that Plaintiff requires a "foot drop splint" on his left leg "for short and long distance ambulation," and Plaintiff "should not" walk on uneven terrain (A.R. 212).

[4] The ALJ found Plaintiff could perform a job that requires the climbing of stairs "occasionally" (A.R. 19).

not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence.'" Kennedy v. Colvin, 738 F.3d at 1178 (quoting Burch v. Barnhart, 400 F.3d at 683). Here, as in Kennedy, the ALJ adequately addressed the Listings, given the fact that Plaintiff never presented evidence or advanced an argument for equivalency that conformed to the requirements of Sullivan v. Zebley. See also Gaston v. Commissioner of Social Sec. Admin., 577 Fed. App'x 739, 741 (9th Cir. 2014) (ALJ was not required to provide "in depth" equivalency analysis because the claimant did not present medical evidence showing his impairments, taken together, medically equaled Listing 1.02A) (citing Burch v. Barnhart).

Plaintiff also argues that the ALJ's residual functional capacity assessment, which precluded work requiring "walking on uneven surfaces," necessarily equates to a finding of an "inability to ambulate effectively" within the meaning of Listing 1.02A. Plaintiff's argument must be rejected. See Moreno v. Astrue, 444 Fed. App'x 163, 164 (9th Cir. 2011) (ALJ did not err in concluding that claimant failed to meet or equal Listing 1.02A where ALJ's residual functional capacity assessment limited claimant to "walking on even terrain"; "the RFC did not state that [the claimant] was incapable of walking on uneven surfaces, only that he should avoid doing so in his employment"); Veniale v. Colvin, 2014 WL 1246135, at *3 (C.D. Cal. March 24, 2014) ("the ALJ's prophylactic prohibition against walking on uneven surfaces does not equate to an inability to ambulate effectively, nor is it sufficient to establish that Plaintiff's

impairment meets Listing 1.02A"); Hernandez v. Colvin, 2013 WL 1401368, at *4 (C.D. Cal. April 4, 2013) (ALJ's residual functional capacity determination that claimant could not walk on uneven terrain "by itself does not establish an inability to ambulate effectively for purposes of the listings"). The restrictions in the ALJ's residual functional capacity assessment should be understood in the context of work. In other words, the ALJ's assessment means that Plaintiff should not be expected to work at a job that has as one of the job's essential requirements the need to walk on uneven surfaces. The assessment does not necessarily mean that Plaintiff is wholly incapable of ever walking on any uneven surface, even for a short distance. In fact, a finding of any such incapability would have been unsupported by the record. No medical source opinion indicated that Plaintiff is wholly incapable of walking on any uneven surface, even for a short distance, or that he otherwise cannot ambulate effectively. In the context of assessing Plaintiff's work capacity, Dr. Alleyne recommended that Plaintiff "should not walk on uneven terrain" (A.R. 212). However, this recommendation does not establish an "inability to ambulate effectively" within the meaning of Listing 1.02A. See, e,g., Perez v. Astrue, 831 F. Supp. 2d 1168, 1176 (C.D. Cal. 2011) (medical opinion that claimant "should not walk on uneven terrain" fails to establish "inability to ambulate effectively"). As previously noted, Dr. Alleyne (whose opinions the ALJ expressly accorded "great weight") found that Plaintiff could ambulate up to two hours in an eight hour workday (A.R. 212). As previously noted, Dr. Lee (whose opinions the ALJ expressly accorded "great weight") found that Plaintiff can "walk fine" (A.R. 216). Thus, it is evident that neither the examining physicians nor the ALJ believed Plaintiff has an

"inability to ambulate effectively" within the meaning of Listing 1.02A.

Finally, Plaintiff argues that the ALJ failed adequately to consider Plaintiff's obesity in determining whether Plaintiff met or equaled Listing 1.02A. See Plaintiff's Motion, pp. 5-6. Plaintiff does not demonstrate any such failure. As mentioned above, the ALJ considered Plaintiff's obesity, finding it to be a "severe" impairment (A.R. 18-22). Furthermore, the ALJ relied on Dr. Alleyne's opinions, which expressly accounted for Plaintiff's obesity (A.R. 18-22, 209-10). No error occurred. See Social Security Ruling 02-1p (setting forth the Administration's responsibilities in considering a claimant's obesity). Moreover, Plaintiff has failed to demonstrate that any further or additional consideration of Plaintiff's obesity would have yielded any different result in the ALJ's disability analysis. See McLeod v. Astrue, 640 F.3d 881, 887 (9th Cir. 2011) (claimant has the burden of proving an error was harmful).

Although some of the Listings-relevant evidence (as well as some of the evidence relevant only to later steps in the disability analysis) may have been in conflict, it is the prerogative of the ALJ to resolve conflicts in the record. See Lewis v. Apfel, 236 F.3d at 509. When evidence "is susceptible to more than one rational interpretation," the Court must uphold the administrative decision. See Andrews v. Shalala, 53 F.3d at 1039-40; accord Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997). The Court will uphold the ALJ's rational
///

interpretation of the evidence in the present case notwithstanding any conflicts in the record.

**CONCLUSION**

For all of the reasons discussed herein, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 26, 2015.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE